# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| JANA GRAHAM § | |
| § | |
| v. § | Civil Action No. 4:16-CV-743 |
| § | Judge Mazzant |
| HRCHITECT, INC. and MATT LAFATA § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is HRchitect, Inc. and Matt Lafata's Motion for Leave to File Motion for Summary Judgment and Motion to Dismiss (Dkt. #44). The Court, having considered the relevant pleadings, finds the motion should be denied.

### BACKGROUND

On June 24, 2016, Plaintiff Jana Graham ("Graham") filed a lawsuit in the United States District Court for the Northern District of Georgia, Atlanta Division alleging various employment claims (Dkt. #1). Specifically, Plaintiff alleges Defendant HRchitect, Inc. failed to pay her minimum wage and its President Matt Lafata ("Lafata") retaliated against her in violation of the Fair Labor Standards Act of 1938 (Dkt. #1). On September 26, 2016, the Northern District of Georgia, Atlanta Division transferred the case to this Court (Dkt. #26). On October 5, 2016, the Court issued its Order Governing Proceedings (Dkt. #28) and set the scheduling conference for November 28, 2016. On November 14, 2016, the parties submitted a Joint Rule 26(f) Attorney Conference Report complete with proposed scheduling order dates (Dkt. #35). On December 9, 2016, the Court issued its Scheduling Order, entering the proposed dates submitted by the parties (Dkt. #38). The Scheduling Order set a March 6, 2017 deadline for motions to dismiss, motions for summary judgment, and other dispositive motions.

Plaintiff contends that Plaintiff's counsel contacted Defendants' counsel to propose deposition dates on December 20, 2016, and several times thereafter (Dkt. #46 at p. 2). Plaintiff further contends that Defendants' counsel did not seek deposition dates for Graham until after the dispositive motion deadline (Dkt. #46 at p. 2). Both Graham and Matt Lafata were deposed on June 15, 2017.

On July 10, 2017, Defendants filed this Motion for Leave to File Motion for Summary Judgment and Motion to Dismiss (Dkt. #44). On July 17, 2017, Plaintiff filed a response (Dkt. #46).

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure states that a party may move for summary judgment at any time until 30 days after the close of all discovery *unless* a different time is set by a local rule, or a court orders otherwise. Fed. R. Civ. P. 56(c)(1) (emphasis added). Rule 16 states that a scheduling order may only be modified for "good cause" and with the judge's consent. Fed. R. Civ. P 16(b)(4); *S & W Enters. v. SouthTrust Bank*, 315 F.3d 533, 536 (5th Cir. 2003). Also, Rule 6 states that if a request is made to extend time after the original time has already expired, the court may "for good cause, extend the time . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

## ANALYSIS

Defendants request leave to file a motion for summary judgment after the dispositive motion deadline and claim there is good cause to grant their request. Defendants argue that the Court should apply a good cause analysis and allow the Defendants to file a dispositive motion after the deadline because "substantial justification" exists. However, this is not the correct standard. A simple good cause analysis only applies where the party seeks an extension *before* the

deadline passes. *See* Fed. R. Civ. P. 6(b)(1)(A). Here, Defendants' counsel did not request an extension of the dispositive motion deadline until *after* the deadline had already passed. A party seeking an after-the-fact extension bears a heavier burden of demonstrating both "good cause" and "excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B) ("[T]he court may, for good cause, extend the time . . . on motion made *after the time has expired* if the party failed to act because of excusable neglect.") (emphasis added). Relevant factors used to determine "excusable neglect" include: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith. *Rivero v. Sunbeam Prod., Inc.*, No. CIVA SA-08-CV-591-XR, 2010 WL 1752532, at *1 (W.D. Tex. April 29, 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006)). For the following reasons, the Court finds that Defendants have not shown excusable neglect.

The first factor, danger of prejudice to the non-movant, weighs against the Court granting the motion for leave. District courts in the Fifth Circuit have found prejudice in this context when finding excusable neglect would affect trial preparation. *Deaton v. Kroger Co.*, No. 4:13-CV-254, 2014 WL 3452486, at *2 (E.D. Tex. July 15, 2014); *see Rivero*, 2010 WL 1752532, at *1 (finding excusable neglect would prejudice plaintiff because it would "impact their preparation for trial in reliance on the scheduling order deadlines"). In *Deaton*, the defendant filed a motion for leave and a motion for summary judgment on July 27 and July 30, 2014, over six months after the December 11, 2013 deadline to file summary judgment motions. 2014 WL 3452486, at *1. The *Deaton* court found the "potential prejudice to Plaintiff is extremely high" because the plaintiff was "under the impression that there were no further grounds for a summary judgment motion, and has been

preparing for trial in September of 2014." *Id.* Here, Defendants filed their motion for leave to file a motion for summary judgment over three months after the dispositive motion deadline. Thus, it is likely that Plaintiff was "under the impression that there were no further grounds" for summary judgment. *Id.* Also, this case's pre-trial conference is set for September 22, 2017, with trial scheduled in October 2017. Therefore, it is likely that Plaintiff has been preparing for trial, as the pretrial conference is impending. Thus, as in *Rivero*, hearing Defendants' summary judgment motion could adversely affect Plaintiff's "trial preparation in reliance on the scheduling order deadlines." *Id.*

Courts have also found prejudice when considering an untimely summary judgment motion could force the parties to go to trial without a summary judgment ruling. *Deaton*, 2014 WL 3452486, at *2. The *Deaton* case was scheduled for trial only two months after the defendant filed its untimely summary judgment motion. *Id.* Therefore, the court warned that "the parties could be forced to go to trial without a ruling" on the motion, which would result in "further prejudice to Plaintiff." *Id.* This was because both parties would have to fully brief the summary judgment motion two months before trial. *Id.* Here, trial is also only two months away, and both parties would have to fully brief the summary judgment motion. This presents the possibility that trial could start without a summary judgment ruling, which would further prejudice Plaintiff.

The second factor, the delay's length and its potential impact on judicial proceedings also weighs against finding excusable neglect. District courts in the Fifth Circuit have found delays as short as a few weeks as too long to find excusable neglect. *Rivero*, 2010 WL 1752532, at *1. For example, the deadline to file dispositive motions in *Rivero* was March 15, 2010. *Id.* The defendant did not file a motion for leave to file a motion for summary judgment until April 14, 2010. *Id.* In refusing to find excusable neglect, the *Rivero* court emphasized that the defendant was "aware as

4

of March 23, 2010, that its own expert's opinion could serve the basis for a motion for summary judgment, yet waited until April 14 to seek leave from the Court to file a dispositive motion beyond the deadline." *Id.* In this case, Defendants should have been aware from the moment Graham filed suit that her testimony could be the basis for a summary judgment motion. Yet Defendants waited until June 15, 2017, to depose Graham, long after the dispositive motion deadline had passed. This lengthy delay is simply too long to support an excusable neglect finding, especially considering the impending trial.

The third factor—reason for the delay and whether it was in Defendants' reasonable control—also weighs against finding excusable neglect. Defendants' argue the reason for the delay in filing its summary judgment motion was because of "significant factual developments," discovery disputes, witnesses in different states, and defense counsel's "unavoidable scheduling conflicts." (Dkt. #44 at p. 2). None of these reasons for delay constitute excusable neglect.

First, Defendants allege significant factual developments warrant granting leave to file a motion for summary judgment. Defendants allege that Graham's deposition revealed that her claims were factually unsupported. However, Defendants do not explain why they waited to depose Graham until six months after they received the Scheduling Order on December 9, 2016. And courts have refused to find excusable neglect when the circumstances leading to the delay were within the defendant's control. *Rivero*, 2010 WL 1752532, at *2. In *Rivero*, the court found against excusable neglect because "the circumstances leading up to [defendant's] delay were all within its control" because the defendant "had the information" upon which it based its summary judgment motion two months before the dispositive motion deadline. *Id.* Here, the Court recognizes that Defendants did not have Graham's testimony at the time of the dispositive motion deadline. But Defendants had four months to depose Graham and draft a summary judgment

motion to meet the deadline. Moreover, Defendants do not indicate that they were prevented from deposing Graham, and Plaintiff's counsel represented that Plaintiff proposed deposition dates as early as December 2016 (Dkt. #46 at p. 2).  Defendants should have known that Graham's testimony would be essential to support any summary judgment motion it planned to file. Defendants could have sought Graham's deposition before the dispositive motion deadline or petitioned the Court for an extension of the dispositive motion deadline. Thus, the Defendant has not shown the Court that the "significant factual developments" were out of Defendants' control.

Next, Defendants argue discovery disputes caused the delay and were out of their control. This argument is meritless. The only discovery dispute on the record before the dispositive motion deadline regarded *Defendants'* deficient production. On February 28, 2017, the Court held a telephone conference to address a production request. Defendants' counsel did not appear (Dkt. #39). Nothing before the Court indicates discovery disputes are to blame for the missed deadline.

The final two reasons for delay provided by Defendants are witnesses located out of state and unavoidable scheduling conflicts. These reasons are not only vague, but the Defendants also do not provide any authority that such reasons justify a finding of excusable neglect.

The final factor to consider in an excusable neglect analysis is good faith. The parties do not provide the Court with evidence of good faith or a lack thereof. Regardless, the other three factors weigh against a finding of excusable neglect. Thus, the Court finds Defendants have not shown the delay was due to excusable neglect.

Because Defendants have not shown excusable neglect, a good cause analysis is not required. *See* Fed. R. Civ. P. 16(b)(4) (requiring both good cause and excusable neglect). Even if a good cause analysis were required, Defendants have not shown good cause for an extension of the deadline. The Fifth Circuit has established four factors the Court should consider when

determining whether good cause exists: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; (4) the availability of a continuance to cure the prejudice. *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546–47 (5th Cir. 2003). Additionally, a party must show that it "could not have met the deadline despite its diligence." *S & W Enters.*, 315 F.3d at 536–38. First, the Defendants have not attempted to explain why they did not timely move for leave to amend the scheduling order. Second, as discussed above, allowing the Court to consider the motion for summary judgment would prejudice the Plaintiff because of the proximity of trial and the need for full briefing before the Court could rule on the motion. This fact also weighs against a favorable weighing of the fourth good cause factor because a trial continuance is not feasible considering the Court's busy docket. *See S & W Enters.*, 315 F.3d at 537 (finding district courts have broad "discretion not to grant a continuance," because they have the "power to control their dockets by refusing to give ineffective litigants a second chance to develop their case."). Finally, the Defendants have not shown that they could not have met the deadline despite their diligence. *Id.* The Fifth Circuit has held that a party does not "diligently pursue discovery" when they filed a motion three months after a scheduling order deadline, and provided no information about its discovery efforts. *Agee v. City of McKinney, Tex.*, 593 F. App'x 311, 313–14 (5th Cir. 2014). The Fifth Circuit in *Agee* found that a party had "not diligently pursued discovery" because he "finally filed his motion . . . eighty-six days after" the dispositive motion deadline. *Id.* Furthermore, the party did not exercise diligence because he "provided no information regarding [its] efforts to obtain discovery." *Id.* Here, as in *Agee*, Defendants have not provided an explanation as to why they could not have deposed Graham in time to draft a summary judgment motion before the

7

dispositive motion deadline. The Court finds Defendants have not shown good cause to modify the dispositive motion deadline.

## CONCLUSION

The Court finds Defendants have not met their burden in showing both good cause and excusable neglect for the delay under Rule 16. It is therefore **ORDERED** that HRchitect, Inc. and Matt Lafata's Motion for Leave to File Motion for Summary Judgment and Motion to Dismiss (Dkt. #44) is hereby **DENIED**.

The Clerk is instructed to terminate that HRchitect, Inc. and Matt Lafata's Motion for Summary Judgment (Dkt. #45) as an active motion.

**SIGNED this 28th day of July, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE